# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Christela Neal,** | ) CASE NO. 1: 18 CV 272 |
| **Plaintiff,** | ) |
|  | ) **JUDGE PATRICIA A. GAUGHAN** |
| **v.** | ) |
|  | ) |
| **Ford Motor Company,** | ) <u>**Memorandum of Opinion and Order**</u> |
|  | ) |
| **Defendant.** | ) |

## Introduction

*Pro se* Plaintiff Christela Neal filed this *in forma pauperis* action against Defendant Ford Motor Company (Ford), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000e, *et seq*. (Doc. No. 1.)

She contends Ford unlawfully discriminated and retaliated against her in violation of Title VII in connection with how it "coded" her retirement.[1] She alleges she "went on medical leave and was eventually placed on disability in 2011 because of the results of standing against Ku Klux Klan (KKK) activities in a subtle way that can easily be equated with domestic terrorism." (*Id*.) In January/February 2014, she went to a tax preparer and discovered that "the

---

[1] The plaintiff indicates on her civil cover sheet that this action regarding how Ford coded her retirement status is not related to a prior Title VII action she filed against Ford with counsel, in which she asserted claims of sex and race discrimination, retaliation, and a hostile work environment in connection with her employment at Ford prior to her taking medical leave of absence in 2008. *See Christela Neal v. Ford Motor Company*, Case No. 08-1994 (N.D. Ohio May 14, 2009). Summary judgment was granted in favor of Ford in the plaintiff's prior case, a judgment later affirmed by the Sixth Circuit. *See Christela Neal v. Ford Motor Company*, Case No. 09-3653 (6th Cir. Oct. 13, 2010).

coding on her 1099-R tax form was incorrect." She alleges she "had been coded in as an *early retiree* instead of a *disability retiree*" and that this "huge error" by Ford substantially changed the amount she is entitled to be refunded annually on her taxes. (*Id.*, ¶ 7.)

She alleges that since this miscoding occurred, she has "experienced extreme retaliatory ordeals via concerted activities that are certainly affiliated with the Defendant." (*Id.* at ¶ 8.) She seeks a declaratory judgment that the acts and practices of the Defendant violated her rights under Title VII, and asks the Court "to assist with an enactment that helps prevent domestic terrorists from acting extreme." (*Id.*, ¶ 9.)

## Standard of Review

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even liberally construed, it does not set forth allegations sufficient to support a plausible Title VII claim warranting any kind of relief.

Title VII prohibits discrimination by an employer against an individual with respect to the terms, conditions, and privileges of her employment "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiff does not allege facts in her complaint supporting a plausible inference that the Defendant took any adverse employment action against her because of a characteristic protected by Title VII.

Title VII's retaliation provision makes it unlawful for an employer to discriminate against an employee because she has opposed an unlawful employment practice, or because she has "made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). In order to establish a *prima facie* case of Title VII retaliation, an employee must show that: "(1) [s]he engaged in protected conduct, (2) the employer knew that [s]he had exercised h[er] protected rights, (3) the employer took an adverse employment action against h[er], and (4) there was a causal connection between h[er] protected activity and the adverse employment action." *Paasewe v. Action Grp., Inc*., No. 12–3701, 2013 WL 3722090, at *4 (6th Cir. July 17, 2013). "To establish a causal connection between the protected activity and adverse employment action, a plaintiff must present evidence 'sufficient to raise [an] inference that [his] protected activity was likely the reason for the adverse action.'" *Sosby v. Miller Brewing Co.*, 211 F. App'x 382, 387 (6th Cir. 2006) (quoting *Zanders v. Nat'l R.R. Passenger Corp*., 898 F.2d 1127, 1135 (6th Cir. 1990)); *see also Paasewe*,

2013 WL 3722090, at *5.

The plaintiff has not set forth any facts plausibly suggesting a causal link between any protected activity she engaged in and how Ford coded her retirement status. A copy of a charge of discrimination she filed with the Ohio Civil Rights Commission, which the plaintiff attaches to her complaint, indicates she contends Ford coded her retirement status as it did in retaliation for her filing her prior lawsuit. (Doc. No. 1-1.) This contention, however, is purely conclusory and unsupported by any cogent factual allegations. The plaintiff does not assert any facts in her complaint, or in her charge of discrimination, from which one could draw a plausible inference that the way Ford coded her retirement status was in any way motivated by her prior lawsuit. Therefore, the plaintiff has failed to plead the causal connection element of a retaliation claim. "Conclusory allegations of discrimination are insufficient to state a Title VII claim." *Tucker v. Victor Gelb*, Inc., 194 F.3d 1314, 1999 WL 801544, at *1 (6th Cir. Sept. 28, 1999).

**Conclusion**

The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) in this matter is granted, but for the reasons stated above, her complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 6/12/18

 /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge  
Chief Judge